# EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| 400 E Street SW, LLC<br>1817 Adams Mill Road NW<br>Suite 200<br>Washington, D.C. 20009<br><br>Plaintiff,<br><br>v.<br><br>Chevron U.S.A, Inc.<br>6001 Bollinger Canyon Road<br>San Ramon, California 94583<br><br>SERVE: Prentice-Hall Corporation System, Inc.<br>1090 Vermont Avenue NW<br>Washington, DC 20005<br><br>Defendant | Civil Action No. __2020 CA 004495 B__ |

## COMPLAINT

### Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to D.C. Code § 11-921 and D.C. Code § 13-423.

### Parties

2. Plaintiff, 400 E Street SW, LLC ("Plaintiff") is a District of Columbia limited liability company with an office located at 1817 Adams Mill Road NW, Suite 200, Washington, D.C. 20009.

3. Defendant, Chevron U.S.A, Inc. ("Chevron") is a California corporation with an office located at 6001 Bollinger Canyon Road, San Ramon, California 94583.

1

## Statement of the Case

4.      From 1957 through at least 1994, Chevron operated a gas station at or about at 501 4th Street SW, Washington, DC 20024.

5.      On or about October 31, 2013, Plaintiff and the District of Columbia entered into a ground lease for certain real property located at 400 E Street SW, Washington, DC, 20024 (the "Property").

6.      In February 2014 and March 2014, three underground storage tanks, including two steel underground storage tanks of unknown use and one suspected former oil/water separator were identified on the Property. Petroleum-soil was also identified in the area of the underground storage tanks.

7.      On April 9, 2014, District of Columbia Department of the Environment ("DDOE") issued a directive letter (the "Letter") pursuant to the Underground Storage Tank Management Act of 1990 (D.C. Official Code §8-113.01. *et seq.*) (the "Act") and the District of Columbia Underground Storage Tank Regulations, as set forth at Title 20 of the District of Columbia Municipal Code ("DCMR"), Chapters 55-70 (20 DCMR §5500-7099) (collectively, the "Act" and 20 DCMR §5500-7099 are hereinafter referred to as the "District of Columbia Underground Storage Tank Regulations") where Defendant, as the former owner[1] and operator[2] of the underground storage tank system at the Property, is considered the Responsible Party[3] for the release of a regulated substance. A copy of the Letter is attached hereto as **Exhibit A**.

---

[1] Owner is defined as "[i]n the case of any UST system in use on November 8, 1984, or brought into use after that date, any person who owns an UST system used for storage, use, or dispensing of regulated substances...." See 20 DCMR §7099.1.
[2] Operator is defined as "any person in control of, or having responsibility for, the daily operation of an UST system." Id.
[3] Responsible Party is defined as "[a]n owner or operator as defined in this chapter...." Id.

8. Pursuant to the Letter, in accordance with the District of Columbia Underground Storage Tank Regulations, Defendant was required to perform corrective actions at the Property and to submit plans and samplings related to such corrective action, among other items. See **Ex. A**.

9. The Letter also informed Defendant that "the Property is currently being developed by [Plaintiff]..." and that "some of the [corrective] actions may have already commenced or are currently being completed under the direction of the [Plaintiff]'s environmental consultant to ensure that their construction program continues without undue delay." **Id**.

10. Furthermore, pursuant to the District of Columbia Underground Storage Tank Regulations, the owner of a UST shall "demonstrate financial responsibility for taking corrective action and for compensating third parties for bodily injury and property damage caused by accidental releases arising from the operation of [a UST]...." See 20 DCMR §6700.10. See also 20 DCMR §6700.11. See also 20 DCMR §6700.12.

11. Plaintiff performed certain corrective actions at the Property that Defendant (in accordance with District of Columbia Underground Storage Tank Regulations) was required to perform.

12. Defendant has failed to demonstrate financial responsibility for such corrective actions taken by Plaintiff, as required by the District of Columbia Underground Storage Tank Regulations.

13. As a result, Plaintiff has incurred approximately $3,885,268.50 in costs related to the remediation of the Property due to Defendant's release of a regulated substance. A summary of the costs related to such remediation is attached hereto as **Exhibit B**.

14. Despite repeated requests, Defendant has failed to reimburse Plaintiff for the approximately $3,885,268.50 in costs related to the remediation of the Property due to Defendant's release of a regulated substance or to otherwise accept financial responsibility for such corrective actions.

## COUNT I
### Injury to Real Property from Toxic Substances

15. Plaintiff adopts and incorporates herein by this reference each of the foregoing averments of paragraphs one through fourteen of the Complaint as if specifically set forth herein.

16. The Property was damaged as a result of the release of a regulated substance caused by a UST located at the Property.

17. Pursuant to the Letter and in accordance with the District of Columbia Underground Storage Tank Regulations, Defendant is the Owner and Operator of the UST located at the Property and the Responsible Party for the release of such regulated substance. See **Ex. A**.

18. Furthermore, pursuant to the District of Columbia Underground Storage Tank Regulations, the owner of a UST shall "demonstrate financial responsibility for taking corrective action and for compensating third parties for bodily injury and property damage caused by accidental releases arising from the operation of [a UST]...." See 20 DCMR §6700.10. See also 20 DCMR §6700.11. See also 20 DCMR §6700.12.

19. Despite being responsible for the release of the regulated substance at the Property, Defendant took no corrective action related to the remediation of the Property.

20. As a result of Defendant's failure, Plaintiff incurred approximately $3,885,268.50 in costs related to the remediation of the Property due to Defendant's release of a regulated substance.

21. Defendant has failed to reimburse Plaintiff for the approximately $3,885,268.50 in costs related to the remediation of the Property due to Defendant's release of a regulated substance.

22. Defendant's failure has continued despite repeated notice and demand for performance.

WHEREFORE, Plaintiff respectfully prays for judgment for Plaintiff and against Defendant for the amount of $3,885,268.50, and all costs, expenses, and attorneys' fees incurred by Plaintiff in collecting the sum aforesaid, and such other relief as this Court may deem just and proper.

## COUNT II
### Violation of District of Columbia Underground Storage Tank Regulations

23. Plaintiff adopts and incorporates herein by this reference each of the foregoing averments of paragraphs one through fourteen of the Complaint as if specifically set forth herein.

24. The Property was damaged as a result of the release of a regulated substance caused by a UST located at the Property.

25. Pursuant to the Letter and in accordance with the District of Columbia Underground Storage Tank Regulations, Defendant is the Owner and Operator of the UST located at the Property and the Responsible Party for the release of such regulated substance. See **Ex. A**.

26. Furthermore, pursuant to the District of Columbia Underground Storage Tank Regulations, the owner of a UST shall "demonstrate financial responsibility for taking corrective action and for compensating third parties for bodily injury and property damage caused by accidental releases arising from the operation of [a UST]...." See 20 DCMR §6700.10. See also 20 DCMR §6700.11. See also 20 DCMR §6700.12.

27. Despite being responsible for the release of the regulated substance at the Property, Defendant took no corrective action related to the remediation of the Property.

28. Plaintiff performed the corrective actions related to the UST at the Property and incurred approximately $3,885,268.50 in costs related to the remediation of the Property due to Defendant's release of a regulated substance.

29. Defendant is financially responsible for such corrective actions.

30. Defendant has failed to reimburse Plaintiff for the approximately $3,885,268.50 in costs related to the remediation of the Property due to Defendant's release of a regulated substance or to otherwise accept financial responsibility for such corrective actions.

31. Defendant's failure has continued despite repeated notice and demand for performance.

WHEREFORE, Plaintiff respectfully prays for judgment for Plaintiff and against Defendant for the amount of $3,885,268.50, and all costs, expenses, and attorneys' fees incurred by Plaintiff in collecting the sum aforesaid, and such other relief as this Court may deem just and proper.

Respectfully submitted,

_____
Barry A. Haberman, D.C. Bar # 388956
51 Monroe Street
Suite 1507
Rockville, MD 20850
(301) 340-1055
*Attorney for Plaintiff*

STATE OF __Maryland__ )
COUNTY OF __Montgomery__ ) to Wit:

The undersigned, being duly authorized to verify this Complaint on behalf of Plaintiff, being first duly sworn on oath, depose and say that the foregoing is true and correct to the best of my knowledge and belief.

400 E Street SW, LLC

By: Geoffrey H. Griffis
Managing Member

Subscribed and sworn to before me this __16th__ day of __October__, 2020.

_____
Notary Public

My commission expires: __5/1/23__

7

**EXHIBIT A**
(DDOE Letter dated April 9, 2014)

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### District Department of the Environment
### Environmental Services Administration



**Toxic Substances Division**  **Underground Storage Tank Branch**

### DIRECTIVE LETTER

**April 9, 2014**

Mr. Robert Speer
Chevron Environmental Management Company
4800 Fournace Place #536C
Bellaire, TX 77401

**FACILITY NAME:**    Former Chevron Gas Station
**FACILITY ADDRESS:** 501 4th Street Southwest
**FACILITY ID#:**     2000213
**LUST #:**           2014011

Dear Mr. Speer:

The District Department of the Environment (DDOE), Underground Storage Tank Branch ("UST Branch"), is issuing this Directive Letter in reference to the property located at **501 4th Street Southwest** (the "Site") pursuant to the Underground Storage Tank Management Act of 1990 (D.C. Official Code § 8-113.01. *et seq.*) (the "Act"), and the District of Columbia Underground Storage Tank Regulations, as set forth at Title 20 of the District of Columbia Municipal Regulations (DCMR), Chapters 55-70 (20 DCMR §§ 5500-7099) where **Chevron** as the former owner and operator of an underground storage tank system at the Site is considered the Responsible Party (RP) for the release of a regulated substance.

The site was historically operated as a Chevron gas station from 1957 to at least 1994 and was the subject of Leaking Underground Storage Tank (LUST) Case #90022. Chevron conducted a comprehensive site assessment, undertook a remediation of the site through removal of free product, implemented a soil vapor extraction system, and conducted a post-remediation site assessment. Following the post-remediation assessment Chevron requested closure of the case based on an assessment of potential human health and environmental risk. On April 14, 1997 case closure was issued to Chevron Corporation by the UST Division. In the closure letter this office indicated that although there was compliance with all directives associated with the case, any environmental or human health risks associated with the Site remained the responsibility of Chevron.

The site is currently being developed by 400 E Street SW, LLC, located at 1817 Adams Mill Rd NW, Suite 200, Washington DC 20009. The point of contact with the ownership company is Mr. Geoff Griffis. In February and March 2014 three underground storage tanks; including two

steel USTs of unknown use and one suspected former oil/water separator were identified on Site. Petroleum-impacted soil was also identified in the area of the USTs. The tanks were removed by the Developer and some impacted soil was over-excavated to depths greater than five feet below the bottom of each tank. During removal of the USTs DDOE observed grossly impacted soil in all of tank pits. Confirmatory samples were collected by the developer's environmental consultant from the bottom of the over-excavated areas and from the four side walls of each excavation while DDOE was on site.

Sample results indicated that petroleum hydrocarbon contamination in excess of DDOE Tier 0 standards remained despite over excavation of the grossly contaminated material. Investigations of groundwater at the site completed pre-development indicate that no significant groundwater contamination is present above DDOE Tier 0 standards in the general vicinity of the former tanks. In addition, the sampling of discharge water from the Site's dewatering system has met the requirements of the Site discharge permit and District of Columbia surface water standards.

Based on the identification of contamination at the site, and the need to excavate additional areas of petroleum impacted soils associated with the recently identified tanks, DDOE has opened LUST Case #2014011.

In accordance with the Act and the District of Columbia Underground Storage Tank Regulations, and based on the determination of the UST Branch, **Chevron** as the RP must perform the following:

1. Within 14 days of this directive, i.e. by April 23, 2014, submit a Corrective Action Plan (CAP) for the excavation and removal of contaminated soil associated with the three newly identified USTs.
2. Monitor groundwater discharges from the site dewatering system on a weekly basis for volatile organic compounds (VOCs) and total petroleum hydrocarbons, Diesel Range Organics and Gasoline Range Organics (TPH-DRO and TPH-GRO) to confirm that dewatering being completed as part of site development does not result in a release of contamination into the waters of the District of Columbia.
3. Submit groundwater discharge sampling results to the DDOE LUST case manager on a weekly basis. Contact the case manager within 24 hours if results indicate concentrations exceed DDOE surface water standards.
4. Within 60 days of completion of corrective actions at the site, submit a CAP Completion report and a written request for No Further Action or Case Closure in accordance with the requirements of 20 DCMR § 6211.

We note that some of the above actions may already have commenced or are currently being completed under the direction of the Developer's environmental consultant to ensure that their construction program continues without undue delay. Therefore, please confer with the developer at your earliest convenience to coordinate the completion of activities required by this Directive, and to avoid any duplication of effort at the Site.

Please note that pursuant to D.C. Official Code § 8-113.08(a) and 20 DCMR § 6300, DDOE is authorized to enter the property at any reasonable time, including while remediation is in

progress, to inspect, obtain copies of relevant documents, obtain samples, or conduct monitoring or testing of any tanks, associated equipment, contents, surrounding soils, air, surface water, or groundwater.

Should you fail to comply with this Directive Letter, DDOE may regard such failure as a violation of the requirements set forth in the Act and the District of Columbia Underground Storage Tank Regulations. In the event of non-compliance, DDOE may seek further enforcement action to compel your compliance. You may contact our office to amend the timeframes cited above at least seven (7) days prior to the due dates.

Please note that a DCRA construction permit is required for any site operations.

If you have any questions, please contact Brian Barone at 202-741-5092, or by email at brian.barone@dc.gov. Thank you for your cooperation on this matter.

Sincerely,

Hanna Phill, Chief
Underground Storage Tanks Branch

Cc:   Mr. Geoff Griffis - 400 E Street SW, LLC
      Mr. Nand Kaushik – PSI Consultant (via e-mail)


U:\LUST CASES\2013\2014011

**EXHIBIT B**
(Summary of Remediation Costs)

ENVIRONMENTAL REMEDIATION COSTS: 400 E Street SW, Washington DC     REV. 2015.04.13

| VENDOR | HAZ MAT Cost Allocation | INVOICE | SCOPE | NOTES |
|---|---|---|---|---|
| **MONITORING, TESTING & EQUIPTMENT** | | | | |
| PSI | $2,960.50 | 259771 | | |
| PSI | $3,700.00 | 259768 | | |
| PSI | $4,981.50 | 259769 | | |
| PSI | $3,700.00 | 249414 | | |
| Hillis-Carnes | $6,070.00 | 99957 | | |
| PSI | $270.00 | | | |
| Hillis-Carnes | $1,500.00 | 100901 | | |
| PSI | $3,182.50 | 270497 | | |
| Hillis-Carnes | $2,000.00 | Invoice 101218 | | |
| PSI | $16,649.00 | Invoice 00273771 | | |
| PSI | $39,465.43 | Invoice 00276124 | | |
| PSI | $3,182.50 | Invoice 00270497 | | |
| Hillis-Carnes | $3,000.00 | Invoice 101603 | | |
| PSI | $39,962.75 | Invoice 00279063 | | |
| PSI | $5,080.00 | Invoice 00282051 | | |
| PSI | $5,080.00 | Invoice 00288447 | | |
| ProAct | $16,154.73 | Invoice 12380 | Water Filters/Pumps | |
| ProAct | $3,715.25 | Invoice 12391 | Water Filters/Pumps | |
| ProAct | $1,428.34 | Invoice 12410 | Water Filters/Pumps | |
| Hillis-Carnes | $5,000.00 | Invoice 101967 | | |
| Hillis-Carnes | $4,000.00 | Invoice 102354 | | |
| PSI | $6,735.00 | Invoice 00294721 | | |
| PSI | $23,105.00 | Invoice 00292626 | | |
| PSI | $4,704.00 | Invoice 00301260 | | |
| PSI | $4,500.00 | Invoice 00297935 | | |
| PSI | $39,000.00 | Invoice 00285336 | | |
| **SubTotal** | **$249,126.50** | | | |
| **OWNER ADMINISTRATION, OVERSIGHT & GUARANTY** | | | | |
| Guaranty | $100,000.00 | Inv #5 -#10 | Guaranty Completion | Nov 2013 - June 2014 |
| MJTyler & Associates | $9,000.00 | #343 | | |
| MJTyler & Associates | $9,000.00 | #338 | | |
| MJTyler | $9,000.00 | #346 | | |
| MJTyler | $9,000.00 | #350 | | |
| MJTyler | $9,000.00 | #358 | | |
| MJTyler | $14,500.00 | #363 | | |
| MJTyler | $14,500.00 | #367 | | |
| MJTyler | $14,500.00 | #372 | | |
| MJTyler | $14,500.00 | #377 | | |
| MJTyler | $14,500.00 | #379 | | |
| **SubTotal** | **$217,500.00** | | | |
| **GC SCHEDULE EXTENTIONS & SUPERVISION COSTS** | | | | |
| Clark | $443,540.00 | Clark Application #6 | General Conditions | |
| Clark | $113,859.00 | Clark Application #6 | GC Fee | |
| **SubTotal** | **$557,399.00** | | | |
| **Contaminated Soil Removal** | | | | |
| Clark | $186,152.00 | CO #3 | | |
| Clark | $559,577.00 | CO #4 | | |
| Clark | $358,893.00 | CO #5 | | |
| Clark | $251,176.00 | CO #6 | | |
| Clark | $576,000.00 | Clark Application #6 | Strittmatter Metro/earthwork | |
| Clark | $5,300.00 | Clark Application #6 | Deetec Engineers | |
| Clark | $819,405.00 | Clark Application #6 | Support for Soil removal | |
| Clark | $15,400.00 | Clark Application #6 | Kalos Construction | |
| Clark | $89,340.00 | Clark Application #6 | Mics. Metals - AIW | |
| **SubTotal** | **$2,861,243.00** | | | |
| **TOTAL REMEDIATION COSTS** | **$3,885,268.50** | | | |

**ENVIRONMENTAL REMEDIATION COSTS by Scope**

| | | |
|---|---|---|
| Contaminated Soil Removal | $ | 2,861,243.00 |
| GC SCHEDULE EXTENTIONS & SUPERVISION COSTS | $ | 557,399.00 |
| OWNER ADMINISTRATION, OVERSIGHT & GUARANTY | $ | 217,500.00 |
| MONITORING, TESTING & EQUIPTMENT | $ | 249,126.50 |
| **TOTAL REMEDIATION COSTS** | **$** | **3,885,268.50** |

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

400 E Street SW, LLC
_____
Plaintiff

vs.

Case Number **2020 CA 004495 B**

Chevron U.S.A, Inc.
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Barry Haberman**
Name of Plaintiff's Attorney

51 Monroe St., Suite 1507, Rockville, MD 20850
Address

(301)340-1055
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date **10/28/2020**

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation<br>Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]             Super. Ct. Civ. R. 4




# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133  Sitio web: www.dccourts.gov**

400 E Street SW, LLC
_____
                                    Demandante
                contra

                                                Número de Caso: _____

Chevron U.S.A, Inc.
_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

   Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

   A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Barry Haberman
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

51 Monroe St., Suite 1507, Rockville, MD 20850
_____          Por: _____
Dirección                                                       Subsecretario

(301) 340-1055
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면(202) 879-4828 로 연락하십시오    ኦማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

   Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                  Super. Ct. Civ. R. 4