UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

400 E STREET SW, LLC,

       *Plaintiff*,

    v.

CHEVRON U.S.A., INC.,

       *Defendant*.

Civil Action No. 20-3396 (TJK)

## MEMORANDUM OPINION

Plaintiff sues under District of Columbia law to recover costs it incurred to remediate real property where Defendant operated a gas station for many years. Defendant, after removing the action to this Court, now moves to dismiss on statute of limitations grounds. For the reasons explained below, the Court agrees, and will grant the motion.

\*      \*      \*

According to the complaint, for many years, Defendant Chevron U.S.A., Inc. ("Chevron") operated a gas station on property that Plaintiff has leased from the District of Columbia since October 2013. ECF No. 1-1 ("Compl.") ¶¶ 4–5. In February and March 2014, Plaintiff found three underground storage tanks on it and petroleum in the surrounding soil. *Id.* ¶ 6. Then on April 9, 2014, the District of Columbia Department of the Environment sent Chevron a letter, with copy to Plaintiff, instructing it to clean the property in compliance with the District of Columbia Underground Storage Tank Management Act of 1990 (the "Storage Tank Act") and its regulations. *Id.* ¶ 7; Compl., Ex. A. The letter asserted that Plaintiff had performed corrective actions on the property, including removing the tanks, excavating soil under them, and testing soil, which confirmed the presence of petroleum. Compl., Ex. A at 1–2; *see also* Compl.

¶ 11.  In total, Plaintiff alleges that it has incurred about $3,885,268.50 in remediation costs that Chevron has not reimbursed.  Compl. ¶¶ 13–14.  Plaintiff sued in the Superior Court of the District of Columbia in October 2020, alleging one count of injury to real property and one count of violation of the Storage Tank Act.  Compl. ¶¶ 15–31.  Chevron removed the case, ECF No. 1, and moved to dismiss for failure to state a claim, on grounds that the complaint is barred by the statute of limitations, does not state the elements of any cause of action, and invokes a statute that does not provide for monetary damages, ECF Nos. 6, 7.[1]

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint.'"  *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).  "In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'"  *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)).  "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations."  *Id.*  "To survive a motion to dismiss, a complaint must have 'facial plausibility,' meaning it must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In deciding a motion to dismiss under Rule 12(b)(6), the Court "may consider only the facts alleged

---

[1] Because the Court finds that the statute of limitations bars Plaintiff's claims, it need not address Chevron's other arguments.

in the complaint, any documents either attached to or incorporated in the complaint and matters

of which [the court] may take judicial notice." *Hurd v. District of Columbia*, 864 F.3d 671, 678

(D.C. Cir. 2017) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C.

Cir. 1997)). "A complaint will be dismissed under Rule 12(b)(6) as 'conclusively time-barred' if

'a trial court determines that the allegations of other facts consistent with the challenged pleading

could not possibly cure the deficiency.'" *Momenian v. Davidson*, 878 F.3d 381, 387 (D.C. Cir.

2017) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

\*　　\*　　\*

The parties agree that the District of Columbia's five-year statute of limitations "for

recovery of damages to real property from toxic substances" applies. D.C. Code § 12-301; *see*

*also* ECF No. 11 at 3; ECF No. 7 at 1. The statute of limitations starts to run when a plaintiff

discovers, or by exercise of reasonable diligence should discover, the injury, its cause, and some

evidence of wrongdoing. *See* D.C. Code § 8-113.09; *Bradley v. Nat'l Ass'n of Secs. Dealers*

*Dispute Resolution, Inc.*, 433 F.3d 846, 849 (D.C. Cir. 2005). At the latest, Plaintiff's claims

here accrued in April 2014 when it received the letter from the District of Columbia Department

of the Environment. The letter gave Plaintiff notice of the injury (the contaminated soil), as well

as its cause and some evidence of wrongdoing (that the tanks used for Chevon's gas station may

have caused the soil's contamination).[2] *See Fla. Rock Props., Inc. v. Jemal's Buzzards Point*

---

[2] Chevron notes that in the complaint, Plaintiff defined the injured property as "400 E Street
SW," Compl. ¶¶ 5–6, while the letter identifies "501 4th Street SW" as the site of the tanks,
Compl., Ex. 1 at 1. ECF No. 7 at 3 n.4. Chevron represents that "[a]ccording to D.C. Office of
Tax and Revenue on-line public records, and Google Maps, the properties at 400 E Street, SW
and 501 4th Street, SW respectively are two different sides of the corner parcel lot located at the
southwest corner of the E Street and 4th Street, SW intersection." *Id.* Regardless, Plaintiff does
not suggest any reason why this distinction would impact whether its claims are barred by the
statute of limitations.

*L.L.C.*, 2020 WL 4583523, at *7–9 (D.D.C. Aug. 10, 2020) (claims accrued once report informed plaintiff that groundwater was contaminated by petroleum likely leaking from storage tanks on neighboring property); *Minkhoff v. Clark Transfer, Inc.*, 841 F. Supp. 424, 428 (D.D.C. 1993) (claims accrued when fire department informed plaintiff of improperly abandoned gasoline tanks).  But Plaintiff did not sue until October 27, 2020—about a year and a half after the five-year statute of limitations had run.[3]

Plaintiff argues that its claims accrued thirteen months later, in May 2015, when it calculated the total remediation costs and thus the extent of its alleged injuries, or even a few months later, in July 2015, when Chevon responded to a demand letter by questioning the amount it claimed.  *See* ECF No. 11 at 3–4.  But Plaintiff does not offer any case law supporting this interpretation of the discovery rule.  To the contrary, a "plaintiff 'need only have <u>some</u> knowledge of <u>some</u> injury.' . . . 'Knowledge is deemed sufficient if the plaintiff has <u>reason to</u> <u>suspect</u> that the defendant did something wrong, even if the full extent of the wrongdoing is not yet known.'" *Fla. Rock*, 2020 WL 4583523, at *9 (quoting *Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004)).  By the time Plaintiff received the letter in April 2014, it had such knowledge.

For all these reasons, the Court will grant Defendant's motion to dismiss.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 30, 2021

---

[3] The Court also notes that the statute of limitations expired about a year before March 18, 2020, when the District of Columbia tolled statutes of limitations because of the COVID-19 pandemic. *See* ECF No. 11 at 3.